**DE PIERRO RADDING, LLC**
**By: Giovanni De Pierro, Esq. – NJ Attorney ID: 009192001**
317 Belleville Avenue
Bloomfield, NJ 07003
☏ 973-748-7474 🖷 973-748-0765 ✉ gdepierro@depierrolaw.com
Attorneys for the Plaintiff-Relator

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| [UNDER SEAL], Plaintiff, v. [UNDER SEAL], Defendants. | CIVIL ACTION NO.: **COMPLAINT** **FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |

**DOCUMENT TO BE KEPT UNDER SEAL**
**(DO NOT PLACE ON PACER)**

Giovanni De Pierro
De Pierro Radding LLC
317 Belleville Avenue
Bloomfield, NJ 07003
Tel: 973-748-7474
Fax: 973-748-0765

Alberico De Pierro
De Pierro Radding LLC
317 Belleville Avenue
Bloomfield, NJ 07003
Tel: 973-748-7474
Fax: 973-748-0765

Attorneys for Plaintiff-Relator [Under seal]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel., JASON SIMS<br><br>Plaintiff,<br><br>v.<br><br>ACCU REFERENCE MEDICAL LAB, LLC; JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2)** |

Plaintiff-Relator Jason Sims, through his attorneys, on behalf of the United States of America (the "Government" or the "Federal Government"), for his Complaint against Defendant Accu Reference Medical Labs, LLC ("Accu") alleges based upon personal knowledge, relevant documents, and information and belief, as follows:

## I. <u>INTRODUCTION AND ALLEGATIONS</u>

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements and claims made and caused to be made by Accu and/or its agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§3729 et seq. ("FCA").
2. This action seeks to recover millions of federal dollars defrauded from the Government agency of Medicare.

3. The fraudulent scheme, upon information and belief, has been ongoing for approximately five (5) years and potentially still ongoing presently, and was/is as follows.

4. A patient would be referred by a doctor to perform certain tests at Accu, including but not limited to, urinalysis tests, which customarily cost between $20.00 and $40.00.

5. However, when the patient would arrive for their scheduled test at Accu's offices, Accu would switch the requested cheaper test to a molecular test Accu creates in-house which costs approximately $600.00.

6. After said test is completed, and without any knowledge to the patient, Medicare is billed for the exponentially more expensive test. Since the patient does not have to worry about the amount being billed and only cares about the bill being paid, Medicare has been and likely still is being defrauded over $500.00 per test, likely to total millions of dollars defrauded from the Government.

7. Medicare is a fundamental system of our nation's health care system for the benefit of our elderly population which is extremely important. Furthermore, our nation's Medicare system is funded by our nation's taxpaying citizens and therefore Accu's wrongful/illegal behavior has and continues to undermine financially Medicare and the Government.

8. This action alleges that Accu has falsely represented, upon information and belief, to the Government that Accu complies with its guidelines and directives and by certifying that the requested services and tests, etc., to be paid for are in fact accurate and truthful. However, the truth is that Accu has hidden and, upon

information and belief, continues to intentionally misrepresent the services provided to patients in order to wrongfully/illegally maximize their profit off each and every test they have been referred to by a prescribing physician.

9. Among its most significant flaws, Accu fails reliably (1) to advise and document the prescribing physician that the patient referred to Accu is administered a test different than the one prescribed and (2) to report to the Government that said test administered to the patient was exponentially more expensive than the test prescribed by the physician.

10. Accu's owner(s), manager(s), officer(s), and/or director(s) are well aware of the fraudulent misrepresentations made to Medicare for approximately five (5) years. Despite this knowledge, Accu engaged in these false practices to defraud Medicare and the Government, in gross violation of the FCA.

11. The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Government without fear of reprisals or Government inaction, and enable the use of private legal resources to prosecute fraud claims on the Government's behalf.

12. The FCA prohibits, inter alia: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§3729(a)(l)(A), (B). Any person who violates the FCA is liable for a civil penalty of up to $11,000.00 for each such claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. §3729(a)(l)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. §2461 note; Public Law 104-410]).

13. In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest .... " 31 U.S.C. §3729(b)(2).

14. The FCA allows any person having information about an FCA violation to bring an action for himself and the Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendant during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit.

15. Based on the foregoing laws, qui tam plaintiff Jason Sims seeks through his action to recover all available damages, civil penalties, and other relief for the violations

alleged herein in every jurisdiction to which Defendant's misconduct has extended.

## II. **PARTIES**

16. Plaintiff-Relator Jason Sims ("Relator") is a resident of New Jersey. Relator became an employee of Accu in 2005 as a sales representative. Sometime in 2014, Relator became a sales manager where, among other things, he was tasked with training other sales representatives in their scope of duties and responsibilities.

17. Relator was recently wrongfully terminated by Accu, said termination is part of an ongoing lawsuit in State Court, and only learned recently of Accu's wrongful/illegal behavior set forth in this *qui tam* action.

18. Defendant Accu is a privately held medical laboratory headquartered at 1901 East Linden Avenue, Suite No. 4, City of Linden, County of Union and State of New Jersey.

## III. **JURISDICTION AND VENUE**

19. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3 732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although the issue is no longer jurisdictional after the 2009 amendments to the FCA, to Relator's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts

are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111- 148, § 10104G)(2), 124 Stat. 119, 901-02.

20. Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Additionally, Relator has direct and independent knowledge about the misconduct alleged herein.

21. This Court has personal jurisdiction over the Defendant pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because the Defendant has minimum contacts with the United States. Moreover, the Defendant can be found in and/or transacts or has transacted business in the District of New Jersey and is headquartered in same.

## FALSE CLAIMS ACT

## 31 U.S.C. §§3729 (a)(1)(A)-(B)

22. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 as if set forth herein.

23. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, et seq., as amended.

24. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the United States Government for payment or approval.

25. By virtue of the acts described above, Defendant knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

26. Relator cannot at this time identify all of the false claims for payment that were caused by Defendant's conduct. The false claims were presented Defendant. Relator does not have access to the records of all such false or fraudulent statements, records or claims.

27. The Government, unaware of the falsity of the records, statements and claims made or caused to be made by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's wrongful/illegal conduct.

28. By reason of Defendant's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

29. Additionally, the United States is entitled to the maximum penalty of up to $11,000.00 for each and every violation arising from Defendant's unlawful conduct alleged herein.

## PRAYER

WHEREFORE, *qui tam* Plaintiff-Relator Jason Sims prays for judgment against the Defendant as follows:

1. That Defendant cease and desist from violating 31 U.S.C. § 3729 et seq.

2. That this Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500.00 and not more than $11,000.00 for each violation of 31 U.S.C. § 3729;

3. That Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

4. That Relator be awarded all costs of this action, including attorneys' fees and expenses; and

5. That Relator recover such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: March 1, 2021

DE PIERRO RADDING, LLC

By: /s/ Giovanni De Pierro

Giovanni De Pierro
De Pierro Radding, LLC
317 Belleville Avenue
Bloomfield, NJ 07003
Tel: 973-748-7474
Fax: 973-748-0765

Attorneys for Plaintiff-Relator Jason Sims